NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANA MAISONAVE DOBSON, SYLVESTER DOBSON II, NEREIDA DOBSON, and NICOLE WATLEY,<br><br>Defendants. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 08-CV-3951 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon applications by *pro se* Defendants Sylvester Dobson II ("Sylvester") and Nereida A. Dobson ("Nereida," and collectively, "Defendants") for the appointment of *pro bono* counsel under 28 U.S.C. § 1915(e)(1). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. After carefully considering the Defendants' submissions, and based upon the following, the Court finds that Defendants' applications are **denied**.

I. **BACKGROUND**

Nereida is the ex-wife of decedent Sylvester W. Dobson ("Decedent"). Decedent and Nereida were divorced on or about February 28, 1984. The Final Judgment of Divorce stipulated that Decedent would continue to maintain his current life insurance policy while listing their son, Sylvester, as beneficiary. Decedent's life insurance policy was with the Teacher's Pension and Annuity Fund of the State of New Jersey and provided by the Prudential Insurance Company of America ("Prudential"). Sylvester was approximately fourteen years old at the time of the divorce.

On or about June 16, 1999, Decedent submitted a change of beneficiary form that named Ana Maisonave Dobson ("Ana") as the policy's sole primary beneficiary. Ana was the decedent's wife at the time of his death. The change of beneficiary form did not name any contingent beneficiaries. Sylvester was approximately thirty years old at the time of the change.

Decedent died on January 10, 2008, at which time Ana submitted a claim for the benefits of the life insurance policy. Nereida then wrote a letter to the New Jersey Division of Pension and Benefits on behalf of her son Sylvester, contesting Ana's status as the primary beneficiary based on the Final Divorce Judgment. Sylvester soon field a claim for benefits as well.

Prudential filed an interpleader action on August 7, 2008 to determine the proceeds of Decedent's life insurance policy. Sylvester applied for *pro bono* counsel on November 7, 2008. Nereida has also applied for *pro bono* counsel "to help her son, Sylvester Wesley Dobson II, in the matter of his father's life insurance."

## II.  DISCUSSION

Defendants do not meet the standard for appointing *pro bono* counsel at this time. Courts considering whether to appoint *pro bono* counsel must consider whether: (1) the claim has some merit; (2) the *pro se* party lacks the ability to present an effective case without an attorney; (3) the legal issues are complex or, if the ultimate legal issues are not complex, the *pro se* party lacks the familiarity with the rules of evidence and discovery needed to translate understanding of the law into presentation of the proofs; (4) factual investigation will be necessary and the party is not adequately able to pursue said investigation; (5) the case is likely to turn on credibility determinations; (6) the case will require expert testimony; and (7) the party is unable to attain and afford counsel on his or

her own behalf. See Parham v. Johnson, 126 F.3d 454 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 155, 158 (3d Cir. 1993).

As a threshold matter, however, the Third Circuit has emphasized that courts must analyze the merits of an applicant's claim before engaging in any further evaluation. See Tabron, 6 F.3d at 155. Only after a determination that an applicant's claim has merit "in fact and law" should a court evaluate the remaining factors. See id. In this case, Sylvester fails to meet the threshold requirement because his claim appears to lack merit. Sylvester alleges that he is entitled to the proceeds of Decedent's life insurance policy under the terms of the divorce agreement. As stated in the initial pleadings, however, Sylvester was an emancipated adult at the time Decedent removed him as an insurance beneficiary. See John Hancock Mut. Life Ins. Co. v. Timbo, 67 F. Supp. 2d 413, 417 (D.N.J. 1999) (holding that no equitable basis existed to assign a life insurance policy over to a son who had been initially been named as a beneficiary under a divorce decree but was subsequently removed from the policy as an adult). Accordingly, because it appears that Sylvester was removed from his father's policy as an adult, his claim does not meet the threshold merit requirement for appointing *pro bono* counsel.

Alternatively, however, even if Sylvester had met the threshold merit requirement, the remaining factors still weigh against him. It does not appear, for example, that this case will implicate credibility issues or require expert testimony. Furthermore, it appears that very little factual investigation will be required. Finally, Sylvester is able to speak English and has access to necessary resources such as a typewriter, all of which suggest that he will be able to present an effective case without an attorney. See, e.g., Bondarenko v. Hackensack University Medical Center, 2008 WL 2242456, *3 (D.N.J. May 29, 2008). In fact, it appears that the only factor favoring

appointment of *pro bono* counsel is Sylvester's inability to afford counsel on his own. Accordingly, because Sylvester's claim appears to lack merit, and because the balance of remaining factors weigh against appointing counsel, Sylvester's application for *pro bono* counsel is denied.

Similarly, Nereida's application for *pro bono* counsel is also denied because her claim lacks merit and because the remaining factors weigh against her request.

### III.    CONCLUSION

For the reasons stated, it is the finding of the Court that Defendants' application for appointment of *pro bono* counsel is denied without prejudice. An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cvanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        January  15 , 2009
Orig.:        Clerk
cc:            Counsel of Record
               The Honorable Mark Falk, U.S.M.J.
                    File